Wilmington Sav. Fund Socy., FSB v Lozowski (2026 NY Slip Op 00402)

Wilmington Sav. Fund Socy., FSB v Lozowski

2026 NY Slip Op 00402

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-01495
 (Index No. 604133/19)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant,
vStanley N. Lozowski, respondent, et al., defendants.

Kosterich & Skeete, LLC, White Plains, NY (Denise Singh-Skeete of counsel), for appellant.
JASA Legal Services for Elder Justice, Rego Park, NY (Roman Solonyy, Ashley K. Skijus, and Donna Dougherty of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated October 11, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendant Stanley N. Lozowski which were to vacate a judgment of foreclosure and sale of the same court entered December 1, 2022, and dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2010, Deutsche Bank National Trust Company (hereinafter Deutsche) commenced an action to foreclose a mortgage on certain real property located in New Hyde Park, electing in the complaint to call due the entire balance owing on the underlying note (hereinafter the 2010 action). In September 2012, Deutsche filed a stipulation of discontinuance and a stipulation of cancellation of the notice of pendency in connection with the 2010 action.
In March 2019, the plaintiff, as assignee of the subject note and mortgage, commenced this action against the defendant Stanley N. Lozowski (hereinafter the defendant), among others, to foreclose the mortgage. The defendant interposed an answer, and asserted affirmative defenses, including that this action was barred based on the expiration of the statute of limitations. By order dated January 17, 2020, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing his affirmative defenses, to strike his answer, and for an order of reference. By order dated November 30, 2022, the court granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. A judgment of foreclosure and sale was subsequently entered, and a sale of the subject property was noticed for May 23, 2023.
In May 2023, the defendant moved, among other things, to vacate the judgment of foreclosure and sale and dismiss the complaint insofar as asserted against him as time-barred, contending that the recently enacted Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8 [eff Dec. 30, 2022]) rendered the instant action untimely. The plaintiff opposed the motion, contending, inter alia, that FAPA is inapplicable to the facts herein, and that FAPA should not be [*2]given retroactive application and doing so would violate, among other things, the Due Process and Contract Clauses of the United States Constitution. In an order dated October 11, 2023, the Supreme Court, inter alia, granted those branches of the defendant's motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due" (Citibank, N.A. v Horan, 230 AD3d 1216, 1217). "'Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage'" (97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1041, quoting U.S. Bank NA v Schaer, 223 AD3d 928, 929; see Citibank, N.A. v Horan, 230 AD3d at 1217). CPLR 203(h) provides that once a cause of action to foreclose a mortgage has accrued, no party may, in form or effect, unilaterally revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the statute of limitations. Further, CPLR 3217(e) provides, in relevant part, that the voluntary discontinuance of a mortgage foreclosure action shall not toll, extend, revive, or reset the statute of limitations, unless expressly prescribed by statute. Thus, contrary to the plaintiff's contention, the statute of limitations was not reset by the voluntary discontinuance of the 2010 action (see 97 Lyman Ave., LLC v MTGLQ Invrs., L.P., 233 AD3d at 1041).
Here, Deutsche elected to call due the entire balance of the mortgage debt in the complaint in the 2010 action, and the instant action was commenced in 2019, more than six years later. However, the plaintiff contends that based on the deaths of two of the defendants in the 2010 action (hereinafter the decedents), the statute of limitations was tolled pursuant to CPLR 210(b), which provides that "[t]he period of eighteen months after the death . . . of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his [or her] executor or administrator" (U.S. Bank, N.A. v Kess, 159 AD3d 767, 768 [internal quotation marks omitted]; see CPLR 210[b]). Contrary to the plaintiff's contention, "[t]he statute plainly is limited in scope to the executor or administrator of the decedent's estate and does not extend to other defendants in the same action" (U.S. Bank, N.A. v Kess, 159 AD3d at 768). As there is no record evidence that an executor or administrator of the decedents' respective estates was named as a defendant in this action, CPLR 210(b) is inapplicable to this action.
Likewise, the plaintiff's arguments challenging FAPA's retroactive application and constitutionality are without merit (see Article 13 LLC v Ponce De Leon Fed. Bank , ___NY3d___, 2025 NY Slip Op 06536; Van Dyke v U.S. Bank, N.A.,___NY3d___, 2025 NY Slip Op 06537; FV-1, Inc. v Palaguachi, 234 AD3d 818; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1071). Accordingly, the Supreme Court properly granted the subject branches of the defendant's motion.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court